# NO. 12-12-00422-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BUDDY KINDLE,*<br>*APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *ANN MATTHEWS HARRIS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Appellee, Ann Matthews Harris, has filed a motion to dismiss this appeal. Appellant, Buddy Kindle, appearing pro se, has filed a motion for reconsideration of our prior order that no further extensions of time to file his brief would be granted. He also requests an extension of time to file his appellate brief. We overrule Kindle's motion for reconsideration and extension of time and grant Harris's motion to dismiss.

### TRIAL COURT PROCEEDINGS

Kindle sued Harris for damages arising from the injuries he allegedly suffered as a result of a collision involving his vehicle and a vehicle Harris was driving. Ultimately, Harris moved to dismiss the case for want of prosecution after Kindle failed to appear at a hearing on his motion to disqualify Harris's counsel and on Harris's motion for sanctions. When Kindle failed to appear a second time, the trial court granted Harris's motion and dismissed the case with prejudice. On the date the dismissal order was signed (March 1, 2013), the case had been pending almost nine years.

## THE APPEAL

On November 12, 2012, Kindle filed a notice of appeal expressing his intention to appeal "the Judgment in this cause signed on November 9[, 2012]. The November 9, 2012 "Judgment" is an order signed by the Honorable John Ovard, Presiding Judge of the First Administrative Judicial Region, denying Kindle's motion to recuse the trial judge. The order includes Judge Ovard's determination that the motion was "untimely" and "based on alleged facts, [that] even if proven true, are facially insufficient to merit a hearing or recusal."

Kindle's notice of appeal was filed before the trial court signed its March 1, 2013 dismissal order. Therefore, the notice of appeal was premature. Consequently, the notice of appeal was not effective until March 1, 2013. *See* TEX. R. APP. P. 27.1(a).

## Extensions of Time to File Brief

After the resolution of a number of procedural matters, Kindle's brief was due on September 11, 2013. On the date his brief was due, Kindle filed a motion for extension of time to file the brief citing numerous medical conditions and ongoing treatments, additional health problems relating to "the stress of this appeal," and transportation problems to and from the hospital and the law library. He also stated that he had not received the clerk's record or the reporter's record. Kindle's motion was granted and the time for filing the brief was extended to December 10, 2013.

On December 11, Kindle filed his second motion for extension of time stating that he was very ill and had been ill for several months. He stated further that he had not received the clerk's record or the reporter's record. Kindle's motion was granted and the time for filing the brief was extended to February 10, 2014.

On February 10, Kindle filed his third motion for extension of time requesting an additional sixty days to file the brief. He again cited his illnesses and medical treatments and stated that he had not received the clerk's record or the reporter's record. Kindle's motion was granted and the time for filing the brief was extended to May 12, 2014. Kindle was further notified that he would receive no further extensions of time for filing his brief. He also was informed that there is no reporter's record (Judge Ovard did not conduct a hearing on Kindle's motion to recuse) and was provided a complete clerk's record on a disk.

Kindle did not file his brief on May 12. On May 13, Harris filed a motion to dismiss the appeal for want of prosecution. Six days later, Kindle filed his fourth motion for extension of

time. He again cited his continuing illnesses and medical treatments and further informed the court that he does not have a computer or printer and does not know how to operate a computer. He requested a "paper" clerk's record and again alleged that he did not have the reporter's record. Kindle also asked that this court stay or quash Harris's motion to dismiss. This court withdrew its prior order that no further extensions would be granted and extended the time for filing Kindle's brief to July 28, 2014. However, the court warned that there would be no further extensions granted. Kindle was further informed that (1) no paper copy of the clerk's record is available, (2) he may obtain access to the clerk's record in the office of this court during its business hours, and (3) no reporter's record was made relating to the denial of his motion to recuse. Finally, Kindle was notified that this court would rule on Harris's motion to dismiss after July 28, 2014.

On July 28, Kindle filed his fifth motion for extension of time. As grounds, he alleges, in part, that his illnesses and medical treatments are continuing.[1] He states that his research notes and other materials pertaining to this appeal were inadvertently moved outside by the owner of the building in which they were located. This, he alleges, resulted in the materials being damaged by rain. He again asserts that he has not received the reporter's record. And he states that he has not received a paper copy of the clerk's record but also claims the clerk's record is incomplete.

Along with his motion, Kindle presented a document for filing identified as his appellate brief. The document includes headings for each section required by the Texas Rules of Appellate Procedure. Under most of the section headings, the only text that appears is a notation that the section will need to be supplemented. In other words, the brief has no substantive content. By letter dated July 28, this court notified Kindle that the brief had been "received," and that it was defective under various subsections of Texas Rule of Appellate Procedure 38.1.

**Failure to File Brief**

The document Kindle presented for filing is not a "brief" as contemplated by Texas Rule of Appellate Procedure 38. The clerk's record in this appeal has been provided to Kindle on disk, and he has been informed that the clerk's record may be viewed in the office of the clerk of this court. Yet, Kindle has not reviewed the clerk's record. No hearing was conducted on his

---

[1] Kindle states in his motion that he has requested a letter from his doctor explaining his medical problems to this court. He states further that he has been unable to provide the letter because he is being treated at the Veterans Administration Hospital and that organization is slower than private medical providers.

motion to recuse; therefore, there is no reporter's record. On appeal, he challenges only the denial of his motion to recuse the trial judge. We are of the opinion that he has had ample time to make arrangements for reviewing the record and to file his appellate brief on this issue.

Kindle was warned that, after July 28, 2014, this court would rule on Harris's motion to dismiss for want of prosecution. After reviewing the motion and all related documents, we conclude that Kindle's motion for reconsideration and extension of time should be overruled and that Harris's motion to dismiss should be granted. Therefore, we *overrule* Kindle's motion for reconsideration and extension of time to file his appellate brief and *grant* Harris's motion to dismiss for want of prosecution. Accordingly, we *dismiss* the appeal *for want of prosecution*. *See* TEX. R. APP. P. 38.8(a), 42.3(b).

Opinion delivered August 27, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 27, 2014**

**NO. 12-12-00422-CV**

**BUDDY KINDLE,**
Appellant
V.
**ANN MATTHEWS HARRIS,**
Appellee

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 04-1694-C)

THIS CAUSE came on to be heard on the motion of the Appellee to dismiss the appeal herein for want of prosecution, and the same being considered, it is hereby ORDERED, ADJUDGED and DECREED by this Court that the motion to dismiss be **granted** and the appeal be **dismissed for want of prosecution,** and that the decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*